UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON DAMSKY, a law student
at the University of Florida Levin
College of Law
    Plaintiff,
v.                                       Case No.:  1:25-cv-275-AW-MAF

CHRIS SUMMERLIN, in his official
capacity as the Dean of Students
of the University of Florida,
    Defendant.
_____/

## PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, PRESTON TERRY DAMSKY ("Plaintiff"), by and through undersigned counsel, moves under Federal Rule Civil Procedure 65(a) for a preliminary injunction against Defendant CHRIS SUMMERLIN ("Summerlin"), in his official capacity as the Dean of Students of the University of Florida, and states:

**1. PRELIMINARY STATEMENT**

Plaintiff seeks a preliminary injunction to prevent ongoing and irreparable harm to his First Amendment rights, which have been violated by Defendant's retaliatory actions.  Plaintiff, a law student at the University of Florida Levin College of Law, has been unlawfully expelled and punished for expressing off-campus his legal and political viewpoints concerning

1

American history, race, and identity, in violation of his constitutional rights under the First Amendment.

## 2. STATEMENT OF FACTS

Plaintiff is a law student at the University of Florida Levin College of Law and has been subjected to disciplinary actions by Defendant, including suspension and expulsion, due to his expression of political viewpoints.

In the Fall 2024 semester, Plaintiff wrote seminar papers that sparked controversy at the University of Florida Law School. Despite receiving high grades, including a book award, Plaintiff faced backlash from students and faculty for his views.  On April 2, 2025, Plaintiff was placed on interim suspension by Defendant, who cited alleged disruptive behavior without providing specific evidence of any threat or disruption caused by Plaintiff.

Plaintiff's suspension was based on his social media activity and academic work, which are protected under the First Amendment. Defendant's actions have caused significant harm to Plaintiff's academic career and reputation.  Summerlin and his employer UF cite two instances of plaintiff's speech for which they claim serve as a basis for his punishment.

First, his submission of a seminar paper where plaintiff argued, inter alia, that the United States was founded as a race-based nation state, and

2

that foundational structuralist principles and certain formerly long-standing laws legally necessitated its preservation as such (and for which plaintiff received an A grade in the course.)

Second, Plaintiff publishing a Twitter/X post, while off-campus, where he quoted Noel Ignatiev, a former Harvard University educator and professor who said that society should "abolish the white race by any means necessary;" Plaintiff, quoting Ignatiev, stated the same could and should be said of Jews.

Neither of these statements materially disrupted educational activities, infringed upon the rights of others, or were threats; they are protected under the First Amendment.

### 3. LEGAL ARGUMENT

A preliminary injunction is warranted if plaintiff shows: (1) a likelihood of suffering irreparable harm; (2) a substantial likelihood of success on the merits; (3) the balance of hardships favor them; and (4) the injunction serves the public interest. *Vital Pharms. v. Alfieri*, 23 F.4th 1282, 1290-91 (11th Cir. 2022).  A preliminary injunction is warranted in this instance because all four elements are met.

a. Substantial Likelihood of Success on the Merits: Plaintiff's expression is protected by the First Amendment, and Defendant's actions

3

constitute unlawful retaliation. The disciplinary measures taken against Plaintiff are based on his protected speech and lack a legitimate legal basis. School officials can only prohibit student speech if it "materially and substantially" disrupts the educational environment or invades the rights of others. *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969).

The First Amendment protects political speech, including on public university campuses, as long as it does not materially disrupt educational activities or infringe upon the rights of others. However, certain restrictions may apply depending on the context and nature of the speech. Political speech is considered a core form of expression protected by the First Amendment, and public universities like UF, as government entities, are bound by constitutional free speech principles. The Supreme Court has emphasized that state colleges and universities are not immune from the First Amendment's protections, and the mere dissemination of ideas, no matter how offensive, cannot be prohibited solely based on their content or perceived indecency.

In *Papish v. Board of Curators of University of Missouri,* the Court held that a graduate student's expulsion for distributing a newspaper with offensive political content violated the First Amendment because the

4

university's action was based on the disapproved content of the speech rather than reasonable regulations of time, place, or manner. *Papish v. Board of Curators of University of Missouri*, 410 U.S. 667 (1973).

While political speech is strongly protected, public universities may impose reasonable restrictions on speech under certain circumstances. For example, speech that materially disrupts educational activities or infringes upon the rights of others may be subject to regulation. In *Tinker v. Des Moines Independent Community School District*, the Supreme Court held that student speech could only be restrained if it caused substantial and material disruption to school activities or invaded the rights of others. *Koeppel v. Romano*, 252 F.Supp.3d 1310 (M.D. Fla. 2017.) This principle has been applied to university settings, where the balance between free speech and maintaining an educational environment is critical.

Here, Plaintiff's statements are protected, because he did not make any of his statements as threats, nor did any person view them as a personal threat.

Plaintiff, like all public university students, Plaintiff possesses full First Amendment rights. In *Speech First, Inc. v. Cartwright* (11th Cir. 2022), the Court held that university students possess full First Amendment rights under the existing framework established in cases like *Davis v. Monroe*

5

*County Board of Education*. *Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022).

Plaintiff stated his views in an academic paper, and on Twitter/X off campus. The off-campus statements of Plaintiff are afforded even more protection under the law. In *Mahanoy Area School District v. B. L.* 594 U.S. 180 (2021), the Supreme Court held that the student's off-campus, profanity-laced Snapchat post was protected by the First Amendment, and the school's decision to suspend her from the cheerleading team violated her free speech rights. *Mahanoy Area Sch. Dist. v. B. L.* by & through Levy, 594 U.S. 180 (2021). The Court affirmed that schools have a diminished interest in regulating off-campus student speech, and the student's criticism of the school's rules, which lacked threats or substantial disruption, fell under First Amendment protection

Here, Plaintiff, a top-notch student, made his political statements off campus on a Twitter/X account with almost no following. No one was disrupted or threatened.

b. Irreparable Harm: Plaintiff suffered and continues to suffer irreparable harm to his academic career and future career opportunities if the suspension and expulsion are not enjoined. The loss of educational opportunities and damage to his reputation cannot be adequately remedied

6

by monetary damages.  He is currently banned from campus and not allowed to attend courses.  Further, his freedom of speech is being curtailed.  Loss of these "freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

c. Balance of Equities: The harm to Plaintiff outweighs any potential harm to Defendant. Plaintiff seeks only to continue his education without unlawful interference, while Defendant's actions threaten fundamental constitutional rights.  No one attending the university will be legitimately threatened by his presence.

The Eleventh Circuit has applied the balance of equities element in various contexts, including constitutional challenges and disputes involving legislative enactments. For example, in *In re Georgia Senate Bill 202*, the court weighed the harm to plaintiffs from potential infringement of First Amendment rights against the state's interest in conducting orderly elections. The court emphasized that even temporary infringements of constitutional rights constitute serious harm, and the government has no legitimate interest in enforcing unconstitutional laws.  *In re Georgia Senate Bill 202*, 688 F.Supp.3d 1300 (N.D. Ga. 2023).

Applying that test here, Plaintiff's suspension and expulsion is weighed heavily against the university's simple dislike of plaintiff's views.

d. <u>Public Interest</u>: Protecting First Amendment rights is in the public interest. An injunction will uphold constitutional principles and prevent further unlawful retaliation against Plaintiff for exercising his First Amendment rights.

Courts have held that the public interest is always served by the maintenance of First Amendment freedoms and "could not possibly be served by the enforcement of an unconstitutional ordinance." *Scott v. City of Daytona Beach Florida*, 689 F.Supp.3d 1160 (M.D. Fla. 2023).

**WHEREFORE;** Plaintiff requests this Court enter a preliminary injunction directing Defendant to return Plaintiff to normal standing at the University, and enjoining Defendant from taking further retaliatory action against Plaintiff for bringing this lawsuit or for advocating for his constitutional rights.

**LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL**

On 9.29.2025, Plaintiff conferred with defendant's counsel in accordance with Local Rule 7.1(B). Defendant is opposed to this Motion.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*/s/ Preston Damsky*
PRESTON DAMSKY

**DATED**: September 29, 2025

                                        Respectfully submitted,

                                        */s/ Anthony F. Sabatini*
                                        ANTHONY F. SABATINI, ESQ.
                                        FL BAR No. 1018163
                                        anthony@sabatinilegal.com
                                        SABATINI LAW FIRM, P.A.
                                        1601 E. 1st Ave.
                                        MOUNT DORA, FL 32757
                                        T: (352)-455-2928
                                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been filed via PACER to all parties of record on September 29, 2025:

H. Christopher Bartolomucci
Schaerr | Jaffe LLP
cbartolomucci@schaerr-jaffe.com

                                        */s/ Anthony F. Sabatini*