**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINSVILLE DIVISION**

| | |
|---|---|
| PRESTON DAMSKY, a law student at the University of Florida Levin College of Law,<br>    *Plaintiff*,<br><br>v.<br><br>CHRIS SUMMERLIN, in his official capacity as the Dean of Students of the University of Florida,<br>    *Defendants*. | Case No. 1:25-cv-275-AW-MAF |

**<u>CONSENT MOTION OF *AMICUS CURIAE* AMERICAN CIVIL LIBERTIES UNION FOR LEAVE TO FILE *AMICUS* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

Non-party American Civil Liberties Union ("ACLU") seeks leave to file an *amicus curiae* brief in support of Plaintiff's Motion for Preliminary Injunction, Dkt. No. 6, in the above-captioned case. All parties consent to the ACLU filing their brief.

The ACLU is a nationwide, nonprofit organization that since 1920 has sought to protect the civil liberties of all Americans. The ACLU has represented the students in many of the Supreme Court's cases regarding student free speech, including *Mahanoy Area School District v. B. L. by & through Levy*, 594 U.S. 180 (2021), and *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969).

*Amicus curiae*'s brief will assist the Court by providing a perspective on the

1

appropriate First Amendment analysis for a university's regulation of off-campus social media posts by a graduate student. In the instant case, the University of Florida ("UF") expelled Plaintiff for a social media exchange with a law professor during spring break. UF found that Plaintiff's speech violated the student code of conduct sections regulating "disruptive conduct" and "harassment." But both of these charges are based on a disruption standard borrowed from *Tinker*, a case about in-class speech by schoolchildren. The disruption standard under *Tinker* is deferential to school officials because of the unique context within public K-12 schools. And while some courts have applied *Tinker* in higher education contexts, the Eleventh Circuit recognized that "it's not at all clear that *Tinker*'s more lenient standard applies in the university—as opposed to the elementary- and secondary-school—setting." *Speech First v. Cartwright*, 32 F.4th 1110, 1127 n.6 (11th Cir. 2022). Students in higher education are adults who are willingly engaged in rigorous intellectual exploration, unbound by many of the requirements and regulations that characterize K-12 education.

Even in the K-12 context, the Supreme Court has recognized that *Tinker* is not the appropriate standard for off-campus student speech. *See Mahanoy Area Sch. Dist. v. B. L. ex rel. Levy*, 594 U.S. 180, 189–190 (2021). The Eleventh Circuit noted that "courts must be more skeptical of a school's efforts to regulate off-campus speech and that when it comes to political or religious speech that occurs outside

2

school or a school program or activity, the school will have a heavy burden to justify intervention." *Speech First*, 32 F.4th at 1127 n.6 (cleaned up). Here, *Tinker* does not apply.

As an organization committed to protecting the rights to freedom of speech, *amicus* ACLU has a strong interest in the proper resolution of this case. Unlike a party whose own speech is at issue, the ACLU has no particular interest in supporting or endorsing the ideas expressed. In fact, the ACLU and its membership often strongly disapprove of the speech at issue—as we do in this case. The ACLU's interest is in ensuring that the appropriate First Amendment standards are applied in each case so that the freedom of expression remains protected for all of us.

WHEREFORE, the ACLU respectfully move this Court for leave to file the attached amicus brief.

Dated: October 10, 2025

Respectfully submitted,

/s/Emerson Sykes
Emerson Sykes
NY Registration No. 5020078
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I certify that this motion contains 525 words and the attached *amicus* brief contains 3,849 words, per Microsoft Word's word count, for a total of 4,374 words which complies with the word limit requirements set forth in Local Rule 7.1(F).

Dated: October 10, 2025            Respectfully submitted,

                                   /s/Emerson Sykes

                                   *Counsel for Amicus Curiae*