UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| PRESTON DAMSKY,<br><br>      *Plaintiff*,<br><br>v.<br><br>CHRIS SUMMERLIN, in his official capacity as Dean of Students of the University of Florida,<br><br>      *Defendant*. | No.: 1:25-cv-00275-AW-MAF |

**DEFENDANT'S MOTION FOR LEAVE TO PROTECT
STUDENT PRIVACY BY FILING A REDACTED TRANSCRIPT
AND BY SEALING THE UNREDACTED TRANSCRIPT,
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Chris Summerlin respectfully requests that this Court permit him to file a redacted version of the transcript of the University of Florida ("UF") student conduct hearing to redact the names of the UF Law students who appeared as witnesses at the hearing. Defendant also requests that this Court seal the unredacted versions of the transcript now on the docket.

## **MEMORANDUM OF LAW**

Defendant respectfully submits this memorandum of law in support of his motion.

Under this Court's rules, a filed document that "fail[s] to redact a personal identifier" must be "promptly" replaced with "a properly redacted substitute." N.D. Fla. Loc. R. 5.5(E). Then, "[w]hen the substitute is filed, the Clerk must seal the unredacted original." *Id.*

Defendant has filed a transcript of the UF student conduct hearing at issue in this case. *See* Doc. 11-1 at Ex. F; Doc. 16-1; Doc. 17-1 at Ex. F. The transcript as filed includes the names of two UF Law students who appeared as witnesses at the hearing. These witnesses were called by Plaintiff, not UF. Out of an abundance of caution, given the important student-privacy interests underlying the Federal Educational Rights and Privacy Act ("FERPA"), Defendant asks that he be permitted to file a transcript redacting the names of these student witnesses. Defendant also asks this Court to seal the unredacted transcript now on the docket.

Although FERPA applies only to education records, it seeks to protect students' personally identifiable information, including their names. For "a disciplinary proceeding at an institution of postsecondary education," the "institution may not disclose the name of any other student, including a victim or witness, without the prior written consent of the other student." 34 C.F.R.

2

§ 99.31(a)(14)(ii).  The institution is, however, permitted to disclose the records of a student, like Damsky, who initiates legal action against the school, to the extent necessary to defend itself.  *Id.* § 99.31(a)(9)(iii)(B).  And it must comply with any "judicial order or lawfully issued subpoena."  *Id.* § 99.31(a)(14)(ii).

FERPA reflects a "strong interest in student privacy," *Harte v. Pace Univ.*, No. 22-CV-03820 (JAV), 2025 WL 2793687, at *3 (S.D.N.Y. Oct. 1, 2025), and shows that "Congress holds student privacy interests in … high regard[.]" *United States v. Miami Univ.*, 294 F.3d 797, 807 (6th Cir. 2002).  Given the strong interest in student privacy, the interest served by redacting the transcript to protect the identities of the UF Law students who appeared at the student conduct hearing outweighs the public interest in knowing the identities of the student witnesses.

Finally, Plaintiff will not be prejudiced by the relief requested in his motion. Plaintiff knows the identities of the student witnesses whose names would be redacted, as he participated in the student conduct hearing.  And Plaintiff has an unredacted copy of the transcript.

## **CONCLUSION**

For the foregoing reasons, Defendant asks this Court (1) to permit a redacted transcript to be placed on the docket and (2) to seal the unredacted version currently on the docket at Doc. 11-1 at Ex. F; Doc. 16-1; and Doc. 17-1 at Ex. F.  In the event

such relief is not granted, Defendant asks this Court to issue an order that the unredacted transcript shall remain on the docket per 34 C.F.R. § 99.31(a)(14)(ii).

Respectfully submitted,

/s/ *H. Christopher Bartolomucci*
H. Christopher Bartolomucci
Justin A. Miller*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Defendant*

Dated:  October 21, 2025

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1(C), I certify that, on October 17, 2025, I conferred with counsel for Plaintiff, who stated that he was tentatively opposed to the instant motion.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), I certify that the foregoing motion is in compliance with the Court's word limit. According to the word processing program used to prepare this memorandum, the document contains 563 words, excluding those portions exempted under the Rule.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

## CERTIFICATE OF SERVICE

I certify that on October 21, 2025, I caused the foregoing to be filed with the Clerk of Court and thereby served on all parties to this matter via the Court's CM/ECF filing system.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
