UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON DAMSKY, a law student
at the University of Florida Levin
College of Law
    Plaintiff,
v.                                      Case No.:  1:25-cv-275-AW-MAF

CHRIS SUMMERLIN, in his official
capacity as the Dean of Students
of the University of Florida,
    Defendant.
_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, PRESTON TERRY DAMSKY, by and through undersigned counsel, responds in opposition to Defendant's motion to dismiss, and states:

**Introduction**

Defendant's motion invites the Court to resolve disputed facts, adopt the University's contested characterization of Plaintiff's speech as a "true threat," and extend K–12 disruption cases to punish a law student's off-campus political expression. At the Rule 12 stage, however, the Court must accept Plaintiff's well-pleaded allegations and draw reasonable inferences in his favor, not credit the University's evidentiary submissions or its interpretation of the speech. Defendant's bid to import extra-record

1

declarations, hearing transcripts, and audiotapes through the "incorporation-by-reference" doctrine is improper because those materials are not referenced in, nor central to, the Complaint; they are vigorously disputed and cannot be used to resolve merits issues on a motion to dismiss.

On the merits, Defendant's theory fails for at least four reasons.

First, whether Plaintiff's post constitutes an unprotected "true threat" is a fact-intensive question not suitable for resolution on the pleadings and, in any event, Defendant's own authorities confirm that courts assess objective content in context and require at least recklessness under *Counterman*—an inquiry that cannot be resolved against Plaintiff at this stage.

Second, Defendant's disruption rationale misapplies *Tinker* and *Boim* to a university student's off-campus, political speech; *Tinker*'s K–12 standard does not authorize viewpoint-based punishment in higher education, and the case *Speech First* warns against using "disruption" as a proxy for censorship.

Third, the University's off-campus jurisdiction arguments stretch *Mahanoy* and *Doe v. Valencia College* beyond their holdings; neither case

approves punishing core political speech made off campus during a school break absent targeted threats or non-speech conduct.

Fourth, the damages bar is overbroad; while official-capacity damages are unavailable, Defendant's argument does not support dismissal of Plaintiff's claim for declaratory and injunctive relief. The motion should be denied.

## Legal Argument

### I. The motion relies on materials outside the pleadings and disputes of fact that cannot be resolved under Rule 12(b)(6).

At this stage, the Court must accept the Complaint's well-pleaded allegations and draw all inferences for Plaintiff. Defendant attempts to sidestep that rule by submitting declarations, exhibits, an audio recording, and a transcript from a University hearing, contending the Court may consider them via incorporation-by-reference. But *Johnson*, cited by defendant, permits consideration of extrinsic materials only if "referred to or attached to a complaint" and both "central to the plaintiff's claims" and "undisputed."  *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Defendant's exhibits—including internal University correspondence, a contested hearing record, and characterizations of campus reactions—are not referenced in the Complaint, are not central to Plaintiff's First

3

Amendment claim (which challenges the constitutionality of Defendant's actions, not the accuracy of the University's narrative), and are disputed. The Court should exclude or disregard those materials and decide the motion solely on the pleadings.

**II.    Defendant has not established as a matter of law that Plaintiff's post is a "true threat" unprotected by the First Amendment.**

    **A. The "true threat" analysis is contextual and fact-intensive, and *Counterman* requires at least recklessness—issues unsuited for dismissal.**

Defendant cites general principles: threats of violence are unprotected, and "true threats" fall outside the First Amendment. Plaintiff does not dispute those principles. The question is whether Plaintiff's post—off-campus political commentary invoking a well-known academic quotation and debate—constitutes a "true threat" as a matter of law. It does not. *Counterman* underscores that true threats are "serious expression[s]" of an intent to commit unlawful violence and that the speaker's mental state matters; the First Amendment requires at least recklessness as to whether the speech would be perceived as threatening. *Counterman v. Colorado,* 600 U.S. 66, (2023). Whether Plaintiff "consciously disregarded a substantial risk" that his words would be understood as a threat is a paradigmatic factual question ill-suited to resolution on a motion to dismiss,

4

particularly where Plaintiff alleges that his speech referenced an academic formulation (Noel Ignatiev) not advocating violence. Defendant's reliance on campus witnesses' interpretations only confirms factual disputes. At minimum, competing inferences about objective meaning and subjective recklessness must be drawn for Plaintiff at this stage.

### B. Defendant's contextual arguments rely on contested facts beyond the Complaint.

Defendant's assertion that Plaintiff's papers "included calls for violence," that he was "on notice" students feared him, and that his response to a professor "confirmed" a threat derives from extra-pleading materials. The Court cannot credit those assertions now. Nor can it resolve debates about the meaning of "abolish" via *Black's Law Dictionary*, which is neither pleaded nor dispositive of colloquial or political meaning in context.

Defendant's references to third-party conduct, such as unrelated shootings or generalized fears, likewise highlight factual disputes and risk viewpoint discrimination by equating offensive or controversial views with threats. On a 12(b)(6) motion, the Court should not decide contested intent or meaning.

### III.    Defendant's "substantial disruption" theory misapplies *Tinker* and *Boim* and cannot justify dismissing a university student's First Amendment claim.

5

### A. *Tinker* does not authorize punishing university students' off-campus political speech based on listener reaction or administrative burdens.

*Tinker* allows regulation of student speech in K–12 schools when officials can reasonably forecast substantial disruption or invasion of others' rights. *Healy* recognizes universities' interest in preventing disruption, but also affirms robust protection for student speech in the higher-education setting and cautions against suppressing expression absent actual material interference with educational functions.

Defendant's own briefing concedes that viewpoint-based restrictions do not receive *Tinker's* deference. Punishing Plaintiff's viewpoint about a matter of public concern—however objectionable—raises serious viewpoint discrimination concerns, especially where "disruption" is largely the product of audience reaction and administrative decisions (e.g., locking doors, increasing patrols, canceling classes). Those reactions cannot convert protected speech into unprotected conduct.

### B. *Boim* is inapposite; it involved a K–12 student's first-person narrative about shooting a specific teacher, on campus, during school hours, and turned on concrete risk of school violence.

*Boim* upheld discipline where a student's notebook narrative described shooting her math teacher and was reasonably construed as a threat of school violence within a K–12 environment. Here, Plaintiff is a law

6

student; his speech occurred off campus during spring break; and the post did not identify a specific target, location, time, or imminent act. Defendant's reliance on *Boim* elides the critical differences in educational level, location, specificity, and immediacy. Extending *Boim* to university students' off-campus political speech would chill core political expression and contravene *Healy's* protection for university speech.

**IV. The off-campus nature of Plaintiff's speech weighs against dismissal; *Mahanoy* and *Doe* do not create a roving license to punish political expression outside school.**

Defendant concedes that *Mahanoy* rejected a categorical rule eliminating school authority over off-campus speech but emphasizes that off-campus regulation remains "significant in some off-campus circumstances," including threats. Plaintiff's speech was political, off-campus, and not a targeted threat "aimed at teachers or other students" in the sense contemplated by *Mahanoy*. *Doe* allowed discipline for off-campus conduct that violated another student's rights; it did not authorize punishment for off-campus political speech absent targeted harassment or threats. Any reliance on Florida statutes or UF regulations cannot override the First Amendment's limits; institutional codes explicitly exclude conduct protected by the First Amendment. Accepting Defendant's theory would

7

convert generalized offense and administrative response into a boundless "on-campus effects" exception.

**V. Even if the Court credits Defendant's damages argument, it provides no basis to dismiss Plaintiff's claims for declaratory and injunctive relief.**

Defendant argues that official-capacity damages are barred by the Eleventh Amendment. Plaintiff seeks declaratory and injunctive relief, which remain available against an official-capacity defendant. Defendant's damages argument, even if correct, cannot support wholesale dismissal of the Complaint.

**VI.   Procedural defects independently warrant denial.**

A Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction is unwarranted; Defendant identifies no jurisdictional bar. The motion otherwise improperly seeks to adjudicate merits issues dependent on disputed facts and extra-pleading materials, contrary to Rule 12 and the governing standard.

## Conclusion

Because Defendant's motion depends on extra-pleading materials, disputed facts, and legal theories that would expand true-threat and disruption doctrines to suppress off-campus political speech by a university

8

student, the motion should be denied in its entirety. At minimum, Plaintiff's First Amendment claim for declaratory and injunctive relief should proceed, and any request to dismiss damages can be addressed without prejudicing the remaining relief.

**DATED**: October 24, 2025

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
MOUNT DORA, FL 32757
T: (352)-455-2928
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been filed via PACER to all parties of record on October 24, 2025:

*/s/ Anthony F. Sabatini*