IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**PRESTON DAMSKY,**

    **Plaintiff,**

v.                                                  Case No. 1:25-cv-275-AW-MAF

**CHRIS SUMMERLIN, in his official
capacity as the Dean of Students of the
University of Florida,**

    **Defendant.**

_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

Preston Damsky initiated this First Amendment case after the University of Florida expelled him based on his speech. The court granted Damsky's motion for preliminary injunction. ECF No. 38. Separately, the University had moved to dismiss.[1] ECF No. 11. This order grants that motion in part. The Eleventh Amendment bars Damsky's claim for monetary damages, so that claim must be dismissed. In all other respects, though, the motion will be denied.

---

[1] The named Defendant is Chris Summerlin, sued in his official capacity as the University of Florida Dean of Students. An official-capacity action against a university official is essentially a suit against the University itself. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). For simplicity, I will refer to the Defendant as the University.

1

I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The University argues Damsky has not adequately pleaded a claim because, as a matter of law, the First Amendment did not protect the speech at issue. But Damsky has alleged enough.

Damsky has alleged facts showing that the University penalized him based on his speech. ECF No. 1 (Compl.) ¶¶ 31, 32, 40, 52. And because he alleges the University continues to prevent him from attending class or visiting campus, he has alleged future harm. *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1305-06 (11th Cir. 2004) (noting that plaintiffs seeking prospective relief must allege future injury). The University does not dispute this. Its argument is that the speech at issue was either a "true threat" or a school-directed threat and that the University may therefore punish Damsky for that speech without violating the First Amendment.

For the reasons explained in the preliminary injunction order (ECF No. 38), I conclude the University has not shown that the speech is unprotected. In short,

2

Damsky has alleged sufficient facts at this stage to state a plausible First Amendment claim.[2]

## II.

Next, the University asserts Eleventh Amendment immunity as to any damages claim. Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The same is true for "state agencies and entities that function as an 'arm of the state.'" *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012). The University of Florida, as an arm of the State, enjoys Eleventh Amendment immunity. *See, e.g.*, *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287-88 (11th Cir. 2003) (applying Eleventh Amendment immunity to USF). And as noted above, an official-capacity suit is essentially a suit against the University. *See supra* note 1. That means the Eleventh Amendment bars Damsky's claim for damages. Notably, Damsky does not even argue otherwise in responding to the motion to dismiss.

As the University recognizes, though, the Eleventh Amendment does not preclude Damsky's claim for prospective relief. *See Grizzle v. Kemp*, 634 F.3d 1314,

---

[2] The University submitted evidence in support of its motion to dismiss. ECF No. 11-1, 11-2, 16-1. The parties dispute whether I can consider that evidence at this stage. But I need not resolve that dispute because the outcome would be the same either way.

1319 (11th Cir. 2011) ("[A] suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.") (citing *Ex Parte Young*, 209 U.S. 123, 168 (1908)). Therefore, Damsky's claim for damages will be dismissed but his claim for prospective relief will not be.

## III.

The University's motion to dismiss (ECF No. 11) is GRANTED in part and DENIED in part. Damsky's claim for damages is dismissed without prejudice based on Eleventh Amendment immunity. The remainder of his case will proceed. The University must file an answer within fourteen days.

SO ORDERED on November 26, 2025.

s/ *Allen Winsor*
Chief United States District Judge
