UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON DAMSKY,

        *Plaintiff*,

v.

CHRIS SUMMERLIN, in his official capacity as Dean of Students of the University of Florida,

        *Defendant*.

No.: 1:25-cv-00275-AW-MAF

## **ANSWER**

Defendant hereby submits this Answer to Plaintiff's Complaint (Doc. 1).

The headings and paragraph numbers below correspond to the headings and paragraph numbers in Plaintiff's Complaint. The headings are included herein only for convenience and are not part of Defendant's Answer. To the extent that Plaintiff's headings are construed to make substantive allegations, Defendant denies them.

Defendant denies every allegation contained in the Complaint not expressly admitted in this Answer. Defendant further requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

To the extent the Complaint refers to or quotes from external documents, cases, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the Complaint as follows:

## INTRODUCTION

1. This introductory paragraph consists of Plaintiff's characterization of his own action, to which no response is required. To the extent a response is deemed required, Defendant denies.

## JURISDICTION AND VENUE

2. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant admits.

3. Defendant admits that Plaintiff resides in, the Defendant is located or employed in, and some or all of the events giving rise to Plaintiff's claims occurred in Alachua County, Florida. This paragraph otherwise consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant admits.

## PARTIES

4.  Defendant admits that Plaintiff attended the University of Florida Levin College of Law ("UF Law"). Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in this paragraph concerning his age and domicile.

5.  Admit.

## FACTUAL ALLEGATIONS

6.  Defendant admits that Plaintiff was at relevant times enrolled as a law student at UF Law until October 9, 2025, when an Appeal Panel denied his appeal of his expulsion from the University of Florida.

### *Fall Seminar Papers*

7.  Defendant admits that Plaintiff wrote two seminar papers that were the subject of controversy at UF Law. By way of further response, Defendant refers the Court to the seminar papers for a full and accurate statement of their contents and denies any allegation inconsistent therewith. Defendant denies the remaining allegations of this paragraph.

8.  Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the first sentence of this paragraph regarding his alleged conversation with another person. Defendant admits that Plaintiff received an A grade in the referenced seminar course.

9. Defendant admits that Plaintiff received a book award with respect to the referenced seminar. Defendant admits that students submitted complaints about what they understood to be a call for violence in Plaintiff's seminar paper. Defendant denies the remaining allegations in this paragraph.

10. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's alleged conversations with another person.

11. The allegations and alleged quotations in the first sentence of this paragraph are taken from a document prepared by Dean McAlister; Defendant refers the Court to the document for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the second and third sentences of this paragraph.

12. Denied.

13. The allegations and alleged quotation in the first sentence of this paragraph are taken from a document prepared by Dean McAlister; Defendant refers the Court to the document for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant denies the allegations in the second sentence of this paragraph. Defendant lacks sufficient knowledge or information

with which to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph.

14. With respect to the first and second sentences of this paragraph, Defendant admits that, on or about January 24, 2025, Plaintiff met with Dean J.S. and that she was his career advisor at UF Law. Defendant denies the allegations in the third, fourth, fifth, sixth, seventh, and tenth sentences of this paragraph setting forth Plaintiff's purported account of the meeting. Defendant denies the allegations in the eighth sentence of this paragraph. The allegations and alleged quotations in the ninth sentence of this paragraph are taken from a document prepared by McAlister; Defendant refers the Court to the document for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant admits the allegations in the eleventh sentence of this paragraph.

15. With respect to the first sentence of this paragraph, Defendant admits that, on or about February 10, 2025, Dean McAlister sent an email to the UF Law student body. By way of further response, Defendant refers the Court to the email for a full and accurate statement of its contents and denies any allegation inconsistent therewith. With respect to the second sentence of this paragraph, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations about what "was common knowledge among the UF Law community"

or "how widely many in the student body had disseminated [Plaintiff's] paper for Professor J.M.'s Fall 2024 course."

### *Noel Ignatiev Twitter Post*

16.  Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph.

17.  The allegations of this paragraph consist of Plaintiff's characterizations of the work and reputation of Noel Ignatiev, to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph.

18.  Defendant refers the Court to Ignatiev's 1993 writing for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

19.  Admit.

20.  Defendant refers the Court to the obituaries and articles to which Plaintiff alludes for a full and accurate statement of their contents and denies any allegation inconsistent therewith.

21.  Defendant refers the Court to the Harvard Magazine article cited by Plaintiff for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations about when "Plaintiff first

learned about Professor Bell." Defendant admits that Professor C.H. provided information at the July 28, 2025 hearing. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations about what Professor C.H. has written or argued about Professor Bell.

22. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph about what Plaintiff was aware of with respect to Noel Ignatiev.

23. Defendant admits that Plaintiff posted on his Twitter account on March 21, 2025. By way of further response, Defendant refers the Court to the post for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant admits that March 21, 2025, fell within UF Law's Spring Break. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph about where Plaintiff was and the number of followers he had when he posted. By way of further response, Defendant states that the number of persons who could or did view Plaintiff's post was not limited to the number of followers he had.

24. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph.

25. Defendant admits that a disciplinary hearing was held on July 28, 2025. By way of further response, Defendant refers the Court to the recording of the

7

hearing for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

26.   Defendant admits that a student showed Plaintiff's March 21, 2025 Twitter post to Dean McAlister on or about March 28, 2025, and that this student was the first individual to show the Twitter post to Dean McAlister. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations about what Plaintiff witnessed at that time or the duration of his observations. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in third sentence of this paragraph. Defendant admits that no screenshots of Plaintiff's other Twitter posts shown to Dean McAlister were placed in the Student Conduct and Conflict Resolution casefile.

27.   Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph about what Plaintiff's friend told him.

28.   As to the allegations in the first sentence of this paragraph, Defendant admits that on or about April 1, 2025, three professors (identified in the Complaint as Professor L.L., Professor Z.K., and Professor S.S.) signed an email to the UF Law faculty concerning Plaintiff. By way of further response, Defendant refers the Court to the email for a full and accurate statement of its contents and denies any allegation

inconsistent therewith. Defendant admits the allegations in the second sentence of this paragraph. As to the allegations in the third sentence of this paragraph, Defendant admits that, on or about April 1, 2025, at 6:47pm, Professor L.L. posted a reply to Plaintiff's March 21, 2025 Twitter post. By way of further response, Defendant refers the Court to Professor L.L.'s post for a full and accurate statement of its contents and denies any allegation inconsistent therewith. By way of still further response, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the third sentence of this paragraph.

29. Defendant admits that Plaintiff replied to Professor L.L. on or about April 1, 2025, at 10:09pm. By way of further response, Defendant refers the Court to Plaintiff's reply for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

### *April 2, 2025 to the Present*

30. As to the allegations in the first sentence of this paragraph, Defendant admits that Professor L.L. posted a reply on or about April 2, 2025, at 1:15pm. By way of further response, Defendant refers the Court to Professor L.L.'s reply for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the second, third, and fourth sentences of

this paragraph. As to the fifth sentence of this paragraph, Defendant admits that Professor L.L. provided information at the July 28, 2025 hearing. By way of further response, Defendant refers the Court to the recording of the hearing for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

31. Defendant admits that, on or about April 2, 2025, Plaintiff received from Defendant correspondence (in the form of an electronically transmitted letter bearing that date) regarding Plaintiff's interim suspension. By way of further response, Defendant refers the Court to that correspondence for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

32. Defendant admits that on or about April 2, 2025, and/or April 3, 2025, the University of Florida Police Department gave Plaintiff a written trespass notice. By way of further response, Defendant refers the Court to that notice for a full and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph that "officers with the University of Florida Police Department came three times to Plaintiff's off-campus home to attempt contact with Plaintiff" and that "[t]hese officers succeeded on the third attempt."

33. The allegations in the first sentence of paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required,

Defendant denies.  Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the second sentence of this paragraph.

34.   Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph.

35.   With respect to the allegations in the first and second sentences of this paragraph, Defendant admits that Dean McAlister sent an email to the UF Law student body on or about April 4, 2025, at 7:11pm.  By way of further response, Defendant refers the Court to that email for a full and accurate statement of its contents and denies any allegation inconsistent therewith.  With respect to the allegations in the third sentence of this paragraph, Defendant admits that McAlister testified at the July 28, 2025 hearing.  By way of further response, Defendant refers the Court to the recording of the hearing for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

36.   Denied.

37.   With respect to the allegations in the first sentence of this paragraph, Defendant admits that Professor L.L. provided information at the July 28, 2025 hearing.  By way of further response, Defendant refers the Court to the recording of the hearing for a full and accurate statement of its contents and denies any allegation inconsistent therewith.  Defendant lacks sufficient knowledge or information with

11

which to form a belief as to the truth of the allegations in the second and third sentences of this paragraph.

38. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in this paragraph.

39. Defendant admits that an organization called the Foundation for Individual Rights and Expression ("FIRE") sent a letter addressed to him dated April 16, 2025. By way of further response, Defendant refers the Court to the letter for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

40. Defendant admits that Nancy Chrystal-Green is the University of Florida's Associate Vice President for Student Life and that on or about April 16, 2025, she sent a letter to Plaintiff. By way of further response, Defendant refers the Court to the letter for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

41. Defendant admits that Brande Smith, an attorney in the University of Florida Office of General Counsel, spoke with a representative of FIRE on or about April 21, 2025. Defendant denies the allegations in the second and third sentences of this paragraph.

42. Defendant admits that FIRE sent an email to Ms. Smith on or about April 23, 2025. By way of further response, Defendant refers the Court to the email

12

for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

43. With respect to the allegations in the first sentence of this paragraph, Defendant admits that Plaintiff appealed his interim suspension on or about April 21, 2025. By way of further response, Defendant refers the Court to the appeal for a full and accurate statement of its contents and denies any allegation inconsistent therewith. With respect to the allegations in the second sentence of this paragraph, Defendant admits that, on or about April 29, 2025, Plaintiff's appeal was denied by James Tyger, Assistant Vice President, VPSL, as designee for the Vice President of Student Life. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the second sentence of this paragraph regarding Mr. Tyger's bar status and practice eligibility. Defendant denies the allegations in the third sentence of this paragraph. With respect to the allegations in the fourth sentence of this paragraph and the alleged quotation from Mr. Tyger's letter, Defendant refers the Court to the letter for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

44. Defendant refers the Court to Mr. Tyger's letter for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

45. Defendant admits that the New York Times published an article about Plaintiff on or about June 24, 2025. By way of further response, Defendant refers

13

the Court to the article for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

46. Defendant admits that Dean McAlister sent an open letter to the law school after the publication of the New York Times article. By way of further response, Defendant refers the Court to the letter for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

47. Defendant admits that, on or about May 29, 2025, Plaintiff was charged with violating University of Florida Regulation 4.040, Section 4.C Disruptive Conduct, and Section 4.K Harassment. By way of further response, Defendant refers the Court to the notice of the charges provided to Plaintiff by Pamela Malyk, Assistant Dean and Director, Student Conduct & Conflict Resolution, for a full and accurate statement of its contents and denies any allegation inconsistent therewith. By way of still further response Defendant denies that the notice deliberately omitted language from Sections 4.C. and 4.K, which, in any event, speak for themselves.

48. Denied.

49. Denied. By way of further response, Defendant states that Plaintiff was given access to the SCCR casefile prior to the July 28, 2025 hearing and was given the recording of hearing on October 10, 2025.

50. Defendant admits the allegations in the first sentence of this paragraph with respect to introducing documentary evidence at the hearing of existing Supreme

Court precedents. By way of further response, Defendant states that Plaintiff was allowed to argue at the hearing that his speech was protected under the First Amendment. Defendant admits the allegations in the second sentence of this paragraph. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations in the third sentence of this paragraph, which purports to quote an unidentified source.

51. Denied.

52. Defendant admits that Plaintiff was notified of his expulsion by letter dated August 8, 2025. By way of further response, Defendant refers the Court to the letter for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

53. Defendant admits the allegations of the first sentence of this paragraph and denies the remaining allegations. By way of further response, Defendant states that an Appeal Panel denied Plaintiff's appeal on or about October 9, 2025.

**COUNT I – 42 U.S.C. § 1983, Violation of First Amendment, as applied to the states under the Fourteenth Amendment**

54. Defendant incorporates his responses to the preceding paragraphs as if set forth fully herein.

55. This paragraph consists of Plaintiff's quotation of a portion of a statute, 42 U.S.C. § 1983, to which no response is required.

56. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

57. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

58. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

59. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

60. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

61. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

62. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

63. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of his request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief.

## ADDITIONAL DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained herein, because Defendant's investigation of the underlying facts and circumstances remains ongoing.

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint fails to allege that Defendant violated the First Amendment to the U.S. Constitution or any constitutional provision.

3. The speech for which Plaintiff was disciplined constituted a true threat of violence.

4. The speech for which Plaintiff was disciplined caused material and substantial disruption to the normal operations of the University of Florida.

5. University of Florida ("UF") officials, including the Dean of UF Law, the UF Dean of Students, the members of the University Officials Board, and the members of the Appeal Panel, reasonably regarded the speech for which Plaintiff was disciplined as threatening violence at UF.

6. Plaintiff's Complaint fails to allege a violation of 42 U.S.C. § 1983.

7. After his expulsion and denial of his appeal, Plaintiff failed to exhaust available state remedies.

8. The Eleventh Amendment to the U.S. Constitution bars Plaintiff's claim for money damages.

9. Plaintiff's Complaint fails to allege facts showing Plaintiff has any compensable damages.

10. Plaintiff failed to mitigate damages.

11. Plaintiff is not entitled to preliminary or permanent injunctive relief.

12. Plaintiff is neither eligible for nor entitled to any attorney's fees or costs under 42 U.S.C. § 1988 or any other fee-shifting provision or principle.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Defendant demands a trial by jury as to all issues so triable of right.

        Respectfully submitted,

        /s/ *H. Christopher Bartolomucci*
        H. Christopher Bartolomucci
        Justin A. Miller*
        SCHAERR | JAFFE LLP
        1717 K Street NW, Suite 900
        Washington, DC 20006
        (202) 787-1060
        cbartolomucci@schaerr-jaffe.com
        jmiller@schaerr-jaffe.com
        *Admitted *pro hac vice*

        Brande S. Smith
        *Senior Counsel*
        Office of General Counsel
        University of Florida
        300 SW 13th Street
        123 Tigert Hall
        Gainesville, FL 32611-3125
        (352) 392-1358
        brande@ufl.edu

        *Counsel for Defendant*

Dated:  December 10, 2025

## CERTIFICATE OF SERVICE

I certify that on December 10, 2025, I caused the foregoing to be filed with the Clerk of Court and thereby served on all parties to this matter via the Court's CM/ECF filing system.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
