UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON DAMSKY,

        *Plaintiff*,

v.

CHRIS SUMMERLIN, in his official capacity as Dean of Students of the University of Florida,

        *Defendant*.

No.: 1:25-cv-00275-AW-MAF

## DEFENDANT'S MOTION TO STAY ALL DEADLINES PENDING THE RESOLUTION OF INTERLOCUTORY APPEAL AND MEMORANDUM

Defendant Chris Summerlin, in his official capacity as the Dean of Students of the University of Florida, moves for an order staying all deadlines and proceedings in this Court pending the resolution of the ongoing interlocutory appeal of the Court's November 24, 2025 preliminary injunction order. Doc. 38. On January 8, 2026, the Eleventh Circuit granted a stay of that injunction pending appeal. *See* Doc. 63.

The outcome of the preliminary injunction appeal will no doubt provide very considerable, if not case-dispositive, guidance to the parties and this Court as to how

this case should be resolved. All proceedings in this Court should be paused while we await that guidance from the Eleventh Circuit.

## MEMORANDUM

In support of his stay motion, Defendant states as follows:

## BACKGROUND

1. On November 24, 2025, this Court entered an order granting Plaintiff's motion for a preliminary injunction. Doc. 38.

2. On November 25, 2025, Defendant filed a timely notice of appeal under 28 U.S.C. § 1292(a)(1). Doc. 41.

3. On January 8, 2026, the Eleventh Circuit granted Defendant's motion for a stay pending appeal of the preliminary injunction. Doc. 63.

4. Current district court deadlines include the close of discovery on February 13, 2026, and a trial in only a little over three months during the May 27, 2026, trial period. Doc. 62.

## LEGAL STANDARD

A district court has broad discretion to stay proceedings to manage its docket with economy and efficiency, including in light of parallel appellate proceedings. *See* Fed. R. Civ. P. 62(d); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). The Supreme Court has recognized that "the power to stay proceedings is incidental

to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

When deciding whether to stay proceedings, courts generally consider: (a) the likelihood of success on the merits; (b) irreparable injury absent a stay; (c) injury to other parties; and (d) the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors of [this] standard are the most critical." *Id.* And because the government is one of the parties, the harm to the government merges with the public interest. *See Florida v. HHS*, 19 F.4th 1271, 1293 (11th Cir. 2021).

**ARGUMENT**

The Eleventh Circuit has recognized the substantial questions presented on appeal and the balance of harms favoring preservation of the status quo during its appellate review of this case. Proceeding apace with district court deadlines while the core issues are under active appellate consideration risks inconsistent rulings, duplication of effort, and unnecessary expenditure of judicial and party resources. A brief stay of all district court deadlines will promote efficiency, conserve resources, and avoid prejudice.

**I.     The appellate stay supports a stay of district court deadlines.**

A stay of all deadlines in this Court is appropriate because the issues on appeal overlap with matters that would determine the scope of discovery and the resolution

3

of any dispositive motion practice and trial. The Eleventh Circuit's stay pending appeal reflects its assessment that the appeal presents substantial questions and that Defendant is likely to prevail on the legal issues. The issues on appeal include whether Damsky's X posts should be considered true threats or a significant disruption under *Tinker* principles. These same questions supply grounds for a dispositive motion, as Defendant has already put before this Court in a motion to dismiss.

The Eleventh Circuit's resolution of these legal issues will likely not come before the currently scheduled trial, and certainly not before discovery concludes. Briefing on the appeal will likely be completed, at the earliest, only two months before the current trial date. Defendant's opening brief is due February 2, 2026. That date would put Plaintiff's brief due on March 4, 2026, and Defendant's reply due on March 25, 2026. Even if oral argument is not granted, it is unlikely that a decision on the merits of the appeal will be issued before trial would start at the end of May. A stay of deadlines aligns the district court's schedule with the appellate timeline and preserves the status quo.

In addition, a stay will conserve judicial and party resources. The issues on appeal overlap with the primary issues in this case—the same issues that will drive discovery and dispositive motion practice. Because the facts informing those legal issues are not in dispute, the forthcoming decision from the Eleventh Circuit is likely

4

to provide near-controlling guidance. If Defendant prevails on the issues on appeal, as the Eleventh Circuit has held is likely, then Defendant will likely be entitled to dispositive relief on each of Damsky's claims. Defendant's motion to dismiss largely tracked the same arguments in its response to Plaintiff's motion for preliminary injunction. Proceeding now could require the Court to revisit rulings, reopen discovery, or reset schedules after the appellate decision. Staying deadlines avoids duplicative briefing, potential re-litigation, and waste of resources by the Court and the parties.

Allowing the deadlines here to proceed while the appellate court considers dispositive issues risks conflicting rulings and duplicative work for the parties and this Court.

## II.     The other factors favor a stay, and Plaintiff will not be prejudiced.

Staying deadlines promotes the orderly administration of justice by allowing the appellate court to resolve controlling issues that may narrow or resolve claims and defenses. This approach furthers judicial economy and ensures consistent legal rulings, serving the public interest in efficient adjudication.

And with the preliminary injunction stayed by the Eleventh Circuit, a temporary pause in deadlines will not prejudice Plaintiff. He has no claim to irreparable harm outside the underlying merits of his claims. And the Eleventh Circuit has determined that Defendant is likely to prevail on the merits. Nor will a

5

pause in this case harm his ability to prosecute his case should he ultimately prevail, contrary to the Eleventh Circuit's prediction. The parties have exchanged discovery requests, but no answers have been given. And no depositions have been scheduled. All pending motions have been resolved. The current deadlines in this case could easily be reset on remand. Accordingly, the other stay factors favor pausing all deadlines pending the Eleventh Circuit's final resolution of the legal issues governing this case.

## CONCLUSION

For these reasons, Defendant respectfully asks that this Court:

(a) Stay all current deadlines and proceedings in this action, including but not limited to discovery, motion, and pretrial deadlines, and the trial date, pending issuance of the Eleventh Circuit's mandate in Defendant's interlocutory appeal of the preliminary injunction order; and

(b) Direct the parties to file a joint status report within 14 days after the appellate mandate issues, proposing a revised case schedule.

Respectfully submitted,

/s/ *H. Christopher Bartolomucci*
H. Christopher Bartolomucci
D.C. Bar No. 453423
Justin A. Miller*
D.C. Bar No. 90022870
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
jmiller@schaerr-jaffe.com

*Admitted *pro hac vice*

Brande S. Smith
  *Senior Counsel*
Office of General Counsel
University of Florida
300 SW 13th Street
123 Tigert Hall
Gainesville, FL 32611-3125
(352) 392-1358
brande@ufl.edu

*Counsel for Defendant*

Dated: January 14, 2026

**CERTIFICATION UNDER LOCAL RULE 7.1(C)**

Pursuant to Local Rule 7.1(C), I certify that on January 13, 2026, I conferred with counsel for Plaintiff, who stated that he is opposed to a stay pending the outcome of the preliminary injunction appeal.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

**CERTIFICATION UNDER LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), I certify that the foregoing is in compliance with the Court's word limit as set forth in Local Rule 7.1(I). According to the word processing program used to prepare this memorandum, the document contains 1,158 words, excluding those portions exempted under the Rule.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I certify that on January 14, 2026, I caused the foregoing Motion to Stay of All Deadlines Pending the Resolution of Interlocutory Appeal to be filed with the Clerk of Court, and thereby served on all parties to this matter via the Court's CM/ECF filing system.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

*Counsel for Defendant*
