**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

PRESTON DAMSKY, a law student
at the University of Florida Levin
College of Law
    Plaintiff,
v.                                       Case No.:  1:25-cv-275-AW-MAF

CHRIS SUMMERLIN, in his official
capacity as the Dean of Students
of the University of Florida,
    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL DEADLINES PENDING THE RESOLUTION OF INTERLOCUTORY APPEAL

Plaintiff Preston Damsky ("Plaintiff"), by and through counsel, submits this response in opposition to Defendants' Motion to Stay.

Defendant seeks an extraordinary remedy: a wholesale suspension of discovery, motion practice, and the trial schedule based solely on the pendency of an interlocutory appeal from a preliminary injunction. That request exceeds the limits of Rule 62 and is unsupported by the governing stay factors. An appellate stay of injunctive relief preserves the status quo; it does not adjudicate the merits, establish a likelihood of success, or justify freezing district court proceedings wholesale.

Proceeding with this case will not moot appellate relief, will not interfere with the Eleventh Circuit's jurisdiction, and will preserve rather than undermine orderly adjudication. Because Defendant has not made the required strong

1

showing on likelihood of success or irreparable harm, and because the balance of harms and the public interest favor continued progress, the motion should be denied.

## MEMORANDUM

In support of his stay motion, Defendant states as follows

### BACKGROUND

1. On November 24, 2025, the Court granted Plaintiff's motion for a preliminary injunction. Defendant filed a notice of interlocutory appeal the following day. On January 8, 2026, the Eleventh Circuit stayed enforcement of the preliminary injunction pending appeal.

2. This case is proceeding on a defined schedule. Discovery is set to close on February 13, 2026, and trial is scheduled for the May 27, 2026, trial period. Appellate briefing will not conclude until late March 2026, and no decision is expected before the scheduled trial period. Defendant now asks this Court to halt all district court proceedings until issuance of the appellate mandate.

### LEGAL STANDARD

A stay of district court proceedings pending appeal is discretionary and disfavored absent a strong showing on the traditional factors. Federal Rule of Civil Procedure 62(c) permits a district court to manage interim relief during an appeal from an injunction, but that authority exists to preserve the status quo, not to halt merits litigation by default.

Courts evaluate stay requests under the four-factor test articulated in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987):

1. whether the movant has made a strong showing that it is likely to succeed on the merits;
2. whether the movant will be irreparably injured absent a stay;
3. whether issuance of the stay will substantially injure the other parties; and
4. where the public interest lies.

The Eleventh Circuit has applied this framework in stay contexts and has emphasized that "the fundamental purpose of a stay is to preserve the status quo pending appellate review." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453.

## ARGUMENT

**I. The appellate stay of the preliminary injunction does not establish a likelihood of success or justify freezing this case.**

Defendant relies almost entirely on the Eleventh Circuit's stay of the preliminary injunction to suggest a likelihood of success on appeal. That inference is unfounded. An appellate stay is not a merits determination; it serves only to preserve the status quo while the appeal is pending. *Garcia-Mir*, 781 F.2d at 1453.

Under *Hilton*, Defendant must make a "strong showing" of likely success. It has not done so. The issues identified on appeal such as whether particular speech constitutes a true threat or is materially disruptive are contested and fact-intensive. No appellate court has resolved those issues, and the existence of an interlocutory appeal does not entitle Defendant to halt district court proceedings. Appellate courts, in fact, rely on the district courts' development of the record through discovery and this further development of the record should continue.

3

## II. Defendant has not shown irreparable injury from allowing merits proceedings to continue.

Defendant identifies no irreparable harm that would result from allowing discovery, motion practice, and trial preparation to proceed. Ordinary litigation burdens do not constitute irreparable injury. Moreover, the Eleventh Circuit's stay already preserves the status quo as to the preliminary injunction itself and Plaintiffs' physical return to campus.

Continuing merits proceedings will not moot or impair the appellate court's ability to resolve the injunction appeal. The core rationale for a stay protecting appellate relief does not apply here. By contrast, halting the case would impose delay without protecting any cognizable appellate interest.

## III. A blanket stay would substantially prejudice Plaintiff.

This case is moving toward a May 2026 trial on an established schedule. Discovery deadlines are imminent, and depositions have not yet been taken. Halting proceedings now would compound delay, risk loss of evidence, and prejudice Plaintiff's ability to prepare witnesses and present his claims.

Defendant's assertion that deadlines can be "easily" reset ignores the real costs of delay, including faded memories, scheduling conflicts, increased expense, and compressed post-mandate proceedings. The third *Hilton* factor weighs strongly against a stay.

## IV. The public interest and judicial economy favor continued progress.

The public has a strong interest in the timely resolution of federal claims. Courts routinely proceed with merits litigation while interlocutory appeals are

4

pending when doing so will not moot appellate relief. Here, the Eleventh Circuit can fully adjudicate the preliminary-injunction appeal while this Court continues to supervise discovery and pretrial matters.

A blanket stay would not promote efficiency. Instead, it risks compressing later proceedings, duplicating work, and undermining the Court's existing schedule—particularly where appellate briefing will not conclude until shortly before the scheduled trial period.

Lastly, Defendant still hasn't produced the documentary record of the administrative hearing that is at issue in this case.

**V. Defendant's request is overbroad and not tailored to any cognizable harm.**

Defendant seeks to halt all district court deadlines through issuance of the appellate mandate. That sweeping request exceeds what is necessary to preserve the status quo of the preliminary-injunction posture and is unsupported by Rule 62(c) or *Garcia-Mir*.

If the Court perceives any efficiency concern, the appropriate response is tailoring—not paralysis. At minimum, document discovery, written discovery, ESI processes, third-party subpoenas, and trial preparation should continue, with targeted adjustments only upon a concrete showing of burden or duplication.

## CONCLUSION

Defendant has not demonstrated a strong likelihood of success, irreparable harm, or that the balance of equities or public interest favors halting this case. The Court should deny Defendant's motion to stay all deadlines. In the

alternative, any stay should be narrowly limited and should not disturb ongoing discovery or the current trial setting.

**DATED**: January 22, 2026

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Avenue
MOUNT DORA, FL 32757
T: (352)-455-2928

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been furnished via email to all parties listed below on this 22nd day of January 2026.