**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

PRESTON DAMSKY,
    Plaintiff,

v.                             Case No. 1:25-cv-275-AW-MAF

CHRIS SUMMERLIN,
in his official capacity
as Dean of Students of the
University of Florida,
    Defendant.

_____/

## PLAINTIFF'S TRIAL BRIEF

Plaintiff Preston Damsky submits this Trial Brief pursuant to the Court's Order for Pretrial Conference.

## I. INTRODUCTION

This case presents a straightforward First Amendment question: whether a public university may expel a law student based on controversial political and academic speech that did not constitute a true threat, incitement, harassment, or unprotected disruption.

The answer is no. Plaintiff's speech was offensive to many, but offensive speech is not outside the First Amendment. The University disciplined Plaintiff because of the content and perceived viewpoint of his speech, including academic writings and off-campus social media commentary. The Court has already concluded, at the preliminary injunction stage, that the University failed

1

to show Plaintiff's speech was a true threat or otherwise proscribable. The evidence at trial will confirm the same conclusion.

Because Plaintiff's damages claim has been dismissed, the remaining relief is prospective equitable relief. Plaintiff seeks declaratory and permanent injunctive relief restoring him to normal standing and prohibiting further discipline based on protected expression.

Plaintiff presently anticipates calling only Preston Damsky as a witness

## II. GOVERNING LEGAL STANDARDS

### A. The First Amendment Protects Offensive and Controversial Speech

The First Amendment protects speech even when that speech is deeply offensive, disturbing, or unpopular. The government may not restrict speech merely because listeners find the ideas hateful or alarming. *Texas v. Johnson*, 491 U.S. 397 (1989); *Snyder v. Phelps*, 562 U.S. 443 (2011); *Virginia v. Black*, 538 U.S. 343 (2003).

### B. Plaintiff's Speech Was Not a True Threat

True threats are a narrow category of unprotected speech requiring a serious expression of intent to commit unlawful violence. *Virginia v. Black*, 538 U.S. 343 (2003). The Supreme Court has further clarified that the speaker must have at least a reckless mental state as to whether the statement would be perceived as threatening. *Counterman v. Colorado*, 600 U.S. 66 (2023).

Plaintiff's speech does not meet this standard. His statements did not identify any specific individual, did not describe any plan or course of action, and did not communicate any intent to carry out violence.

**C. Listener Reaction Does Not Justify Punishment**

The First Amendment does not permit punishment based on fear, offense, or reaction by listeners. T*inker v. Des Moines Independent Community School District,* 393 U.S. 503 (1969), makes clear that speech cannot be restricted based on "undifferentiated fear or apprehension."

**D. Tinker and Boim Do Not Apply**

Even if Tinker applies in a university setting, Defendant cannot satisfy it. *Boim v. Fulton County School District*, 494 F.3d 978 (11th Cir. 2007), involved a direct depiction of school violence. Plaintiff's speech is fundamentally different— it was rhetorical, ideological, and not directed at the University or any individual.

**E. Plaintiff Is Entitled to Permanent Injunctive Relief**

Plaintiff is entitled to permanent injunctive relief because he has succeeded on the merits, suffered irreparable harm, and the balance of harms and public interest favor protecting First Amendment rights. See *Elrod v. Burns*, 427 U.S. 347 (1976).

**III. ARGUMENT**

**A. Defendant Punished Plaintiff for Protected Speech**

The evidence will show that Plaintiff was disciplined based on his speech alone. He did not engage in violence, threats, or unlawful conduct. The University acted because of disagreement with Plaintiff's views, which is impermissible under the First Amendment.

**B. The Speech Was Not a True Threat**

Plaintiff's statements lack the defining characteristics of a true threat. There was no target, no plan, no imminence, and no expression of intent to act. The statements were tied to academic and ideological discourse and must be evaluated in that context.

**C. Listener Reaction Cannot Strip Protection**

The University's justification relies heavily on how others reacted. But strong reactions do not remove constitutional protection. The First Amendment exists precisely to protect controversial speech from suppression based on public reaction.

**D. Plaintiff Is Entitled to Relief**

Plaintiff continues to suffer harm from being disciplined for protected speech. Because damages are unavailable, equitable relief is necessary to remedy the violation. A permanent injunction and declaratory relief are appropriate.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court enter judgment in his favor, declare that Defendant's actions violated the First Amendment, permanently enjoin Defendant from continuing to take adverse action based on Plaintiff's protected speech, and grant all appropriate equitable relief.

Dated: April 27, 2026

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
Lead Counsel for Plaintiffs'

/s/ *Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892
Co-Counsel for Plaintiffs'

CERTIFICATE OF SERVICE

I certify that on 4.27.2026, I caused a true and correct copy of the foregoing to be filed via CM/ECF, which will serve all counsel of record.

/s/ *Anthony F. Sabatini*