IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESTON DAMSKY,

      **Plaintiff,**

v.                                      Case No. 1:25-cv-275-AW-MAF

CHRIS SUMMERLIN, in his official
capacity as the Dean of Students of the
University of Florida,

      **Defendant.**

_____/

## PRETRIAL ORDER

The court held a pretrial conference on May 4. This order incorporates rulings

from that pretrial conference and adopts the parties' pretrial stipulation (ECF No.

93), except to the extent inconsistent with anything in this order. The parties'

pleadings merge into this pretrial order, which will control the course of the trial and

may not be amended except by court order.

1.      Plaintiff's sole claim is under the First Amendment for injunctive relief.

2.      This court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      The sole disputed issue of law is whether Plaintiff's social media posts

were protected under the First Amendment. That sole issue can be broken down into

the separate issues of (1) whether Plaintiff's social media posts were true threats; (2)

whether Plaintiff's posts caused material and substantial disruption as described in

*Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969);

1

(3) whether Plaintiff's posts were reasonably viewed as promoting illegal activity as in *Morse v. Frederick*, 551 U.S. 393 (2007); and (4) whether Plaintiff's posts were reasonably viewed as threatening school violence, as in *Boim v. Fulton County School District*, 494 F.3d 978 (11th Cir. 2007)—to the extent this is an independent inquiry from the *Tinker* inquiry.

4.      There are two issues of fact. The first is whether Plaintiff's social media posts caused a material and substantial disruption at UF. The second is whether Plaintiff's social media posts are reasonably regarded as a true threat, that is, a serious expression to commit an act of unlawful violence.

5.      Two days are set aside for a bench trial beginning May 27, 2026. At the pretrial conference, the court informed the parties that there were criminal trials set at the same time. That is no longer the case, so the court notifies the parties that this case will proceed as scheduled, to begin at 8:30 a.m. on May 27, 2026, at the United States Courthouse in Gainesville.

6.      Defendant's motions in limine concerning hearsay (ECF No. 87) and legal opinions (ECF No. 88) are DENIED.

7.      Defendant's unopposed motion to allow Professor Zachary Kaufman to testify at trial remotely (ECF No. 89) is GRANTED. Defendant must contact Courtroom Deputy TiAnn Stark (tiann_stark@flnd.uscourts.gov) to facilitate the

remote testimony. Video testimony is not always reliable, and Defendant proceeds with remote testimony at his own risk.

8.    There are now no outstanding motions.

9.    There will be no openings.

SO ORDERED on May 7, 2026.

s/ *Allen Winsor*
Chief United States District Judge